# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| DENNIS JAMES JOHNSON, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:17-cv-91 |
| | * | |
| v. | * | |
| | * | |
| SHAUN STANLEY, | * | |
| | * | |
| Defendant. | * | |

## ORDER

Presently before the Court are the Magistrate Judge's April 17, 2018 Report and Recommendation, dkt. no. 9, to which Plaintiff did not file Objections, and Plaintiff's Amended Complaint, dkt. no. 10. For the reasons set forth below, after an independent and *de novo* review of the record, including Plaintiff's Amended Complaint, the undersigned concurs with the Magistrate Judge's Report and Recommendation. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge, as supplemented herein, as the opinion of the Court.

The Court **DISMISSES** Plaintiff's Amended Complaint, **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal, and **DIRECTS** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.

## BACKGROUND

Plaintiff, a prisoner at the Federal Correctional Institution in Estill, South Carolina, filed a cause of action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), to contest certain events that occurred while he was incarcerated at the Federal Correctional Institution in Jesup, Georgia. Dkt. No. 1. In short, Plaintiff alleged that Defendant violated his constitutional due process rights by not properly filing Plaintiff's accident compensation claim, by not adhering to certain Federal Bureau of Prisons regulations regarding the investigation and reporting of prison work detail accidents, and by destroying evidence of Plaintiff's accident. <u>Id.</u> at pp. 4-6. Pursuant to 28 U.S.C. § 1915A, Magistrate Judge R. Stan Baker conducted the requisite frivolity review of Plaintiff's Complaint. Dkt. No. 9. In the resulting Report and Recommendation, Judge Baker recommended that the Court dismiss Plaintiff's procedural due process claims due to a lack of standing and ripeness. <u>Id.</u> at pp. 6-15. Judge Baker also dismissed as moot Plaintiff's Motion for Court Filings. <u>Id.</u> at p. 1; Dkt. No. 7.

Plaintiff then filed an Amended Complaint in response to Judge Baker's Report and Recommendation but did not file Objections. Dkt. no. 10. In his Amended Complaint, Plaintiff

realleges the facts and claims from his original complaint and adds an additional due process claim against Defendant regarding Plaintiff's presumed right to an immediately payable "lump-sum award" stemming from the injuries he sustained in a prison workplace accident. Id. at pp. 10-11. Compare Dkt. No. 1, pp. 4-5 (Plaintiff's original claims), with Dkt. No. 10, pp. 8-10 (Plaintiff's original claims reasserted).

In essence, to remedy the original Complaint's standing and ripeness deficiencies identified by Judge Baker, Plaintiff attempts to show that Defendant's alleged due process violations caused him an injury in fact, not because Defendant's misconduct precludes Plaintiff from accident compensation upon release from prison, dkt no. 1, pp. 4-6, but because Defendant's misconduct caused Plaintiff to be forever precluded from the "monetary lump-sum award" to which he was "entitled," dkt. no. 10, p. 10. To that end, Plaintiff argues Defendant's due process violations caused Plaintiff to forfeit his purported rights under the Inmate Accident Compensation Program ("IACP"), 28 C.F.R. § 301.101-319, and the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101-107, to an award of $1,984,010.00. Id. at pp. 10-11.

## STANDARD OF REVIEW

Plaintiff brings this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a

civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a complaint brought *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if

it is 'without arguable merit either in law or fact.'" <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002) (quoting <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). <u>Thompson v. Rundle</u>, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. <u>Twombly</u>, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Bilal</u>, 251 F.3d at 1349 (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys

and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Plaintiff's Amended Complaint

As described above, in his Amended Complaint,[1] Plaintiff seeks to hold Defendant liable for procedural due process violations that allegedly caused Plaintiff to be denied a "lump-sum monetary award." Dkt. No. 10. Synonymous with his original Complaint, Plaintiff predicates his due process claims on Defendant's alleged failure to adhere to IACP regulations, destruction of evidence from Plaintiff's accident, and false reporting. Id. at pp. 8-10; see also Dkt. No. 9, pp. 2-4, 6-15 (Magistrate Judge's Report and Recommendation detailing

---

[1] As Plaintiff has not previously amended his complaint, he files this Amended Complaint as a matter of right. Fed. R. Civ. P. 15(a)(1); see also Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004)(holding that the PLRA does not extinguish a plaintiff's right to amend prior to dismissal or before responsive pleadings have been filed).

Plaintiff's claims and correctly finding a lack of standing and ripeness as those claims were originally stated).

Because Plaintiff alleges Defendant's misconduct forever forfeited Plaintiff's right to a "lump-sum" monetary remedy, payable during his incarceration for his prison work detail injuries, he now has standing and his putative claim is ripe. See Spokeo, Inc. v. Robins, 578 U.S. ___, ___ 136 S. Ct. 1540, 1548 (May 16, 2016) (injuries that "actually exist" and which are "personal" to the plaintiff confer standing); Nat'l Advert. Co. v. City of Miami, 402 F.3d 1335, 1339 (11th Cir. 2005)(claims challenging governmental acts are ripe when the plaintiff "has sustained . . . direct injury"). Nonetheless, having reviewed Plaintiff's Amended Complaint, the Court finds he fails to state a claim upon which relief can be granted.

## II. Dismissal for Failure to State a Claim

In pertinent part, as a result of Defendant's alleged procedural due process violations, Plaintiff claims he can "never receive the lump-sum award that was guaranteed to [him] by . . . the [IACP, 28 C.F.R.] § 301.314(b), which authorized the lump-sum award pursuant to [the FECA,] 5 U.S.C. § 8101-8107(21)." Dkt. No. 10, pp. 10-11. Plaintiff, however, is mistaken because the FECA does not afford federal inmates any independent right to a monetary award, lump-sum or otherwise.

While it is true that the amount of an award under an "approved" IACP claim is determined by the schedule set forth in the FECA, 28 C.F.R. § 301.314(a), (b), the FECA itself provides no relief to inmates injured while on prison work details, 28 C.F.R. § 301.319. The IACP is the "exclusive remedy in the case of [inmates who suffer] work-related injury." Id. (citing U.S v. Demko, 385 U.S. 149 (1966)). Furthermore, the IACP expressly states that provisions of the FECA apply only "in determining the amount of accident compensation to be paid," and even then only to the extent "practicable." Id. at § 301.314(b); see also 18 U.S.C. § 4126(c) (inmate accident compensation awards may not be "greater that that provided in [the FECA]"); 5 U.S.C. § 8101, 8102 (FECA compensates "employee[s]" of the United States injured while in the performance of their duties, a definition which does not encompass inmate workers); Koprowski v. Baker, 822 F.3d 248, 253-54 (explaining that the IACP provides recovery for physical impairments "that still exist[] at the time the prisoner is released" and that the FECA determines the amount recoverable at that time).

Likewise, the IACP's reference to awards for injuries covered by Section 8107 of the FECA being "paid in lump sum" is contingent on an approved IACP claim. 28 C.F.R. § 301.314(a), (c)(1). In other words, an IACP claimant who successfully states a claim for accident compensation at the time of his or

her release obtains a lump-sum award for injuries covered under Section 8107. As Plaintiff has yet to be released, and hence yet to state a valid IACP claim, he is not entitled to any lump-sum payments under the IACP and Section 8107.

Therefore, because Plaintiff has no right, under either the IACP or the FECA, to a "lump-sum monetary award" payable to him while incarcerated, he fails to state a valid procedural due process Bivens claim.[2] Simply put, Plaintiff cannot state a constitutional procedural due process claim for the alleged violation of rights that do not exist. Accordingly, the Court **DISMISSES** Plaintiff's Complaint for failure to state a claim upon which relief can be granted.[3]

---

[2] For the purposes of dismissing for failure to state a claim, the Court assumes without deciding whether a Bivens remedy is available in this context. See e.g. Wood v. Moss, 527 U.S. 572 U.S. ___, ___, 134 S. Ct. 2056, 2066 (2014) (disposing of a Bivens claim without deciding the Bivens issue); see also Ziglar v. Abbasi, 582 U.S. ___, ___, 137 S. Ct. 1843, 1857-60 (May 16, 2016) (casting doubt on the availability of Bivens actions in new contexts).

[3] Although they are not central to his due process claims regarding the lump-sum award, Plaintiff also appears to make negligence claims against Defendant regarding Defendant's role in the EZ-GO Cart accident. Dkt. No. 10, pp. 5, 10. To the extent Plaintiff seeks to hold Defendant liable under state law for Defendant's allegedly negligent conduct regarding the EZ-GO Cart incident, or any other state law theory, the Court **DISMISSES** those state-law claims **without prejudice** to Plaintiff's ability to bring those claims in an appropriate state forum. While the Court has the discretion to retain jurisdiction over state law claims after dismissal of federal claims, the law cautions against doing so. Mergens v. Dreyfoos, 166 F.3d 1114, 1119 (11th Cir. 1999) (in its discretion the district court may dismiss state law claims after dismissing federal claims; "[m]ore specifically . . . if the federal claims are dismissed prior to trial, [United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)] strongly encourages or even requires dismissal of state claims") (quotes and

## CONCLUSION

For the reasons and in the manner set forth above, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge, as supplemented herein, as the opinion of the Court. The Court **DISMISSES** Plaintiff's Amended Complaint, **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal, and **DIRECTS** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this \_\_11\_\_ day of \_\_May\_\_, 2018.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

citation omitted); see also Granite State Outdoor Advertising, Inc. v. Cobb County, 193 F. App'x 900, 907 (11th Cir.2006) (per curiam). When exercising its discretion, the Court takes into consideration that, "state courts, not federal courts, should be the final arbiters of state law." Ingram v. Sch. Bd. of Miami-Dade Cty., 167 F. App'x 107, 108 (11th Cir.2006) (per curiam) (citation omitted); see also Hicks v. Moore, 422 F.3d 1246, 1255 n.8 (11th Cir.2005) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.") (citation omitted); Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."). Consequently, to the extent that Plaintiff has brought any state law claims, the Court declines to retain jurisdiction over those claims.